**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARRINGTON OLIVER, | ) Case No. CV 19-7421-AB (JPR) |
| Petitioner, | ) |
| v. | ) ORDER DENYING PETITION AND ) DISMISSING ACTION |
| L.J. MULISNIC, Warden. | ) |
| Respondent. | ) |

Petitioner is a federal inmate currently housed at the U.S. Penitentiary in Victorville. On August 27, 2019, he filed an unsigned and unverified Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.

**BACKGROUND**

In 2007, Petitioner was convicted by guilty plea in the Southern District of Florida of possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). See Judgment at 1, United States v. Oliver, No. 1:07-cr-20617-PCH (S.D. Fla.

1

Dec. 3, 2007), ECF No. 41.[1] He was sentenced to 212 months in prison. Id. at 2. Because he had three prior convictions "for a violent felony or a serious drug offense, or both," he was subject to an enhanced sentence under the Armed Career Criminal Act. See Oliver v. United States, Nos. 16-cv-22665-PCH & 07-cr-20617-PCH, 2017 WL 384245, at *1 (S.D. Fla. Jan. 3, 2017), vacated and remanded by 714 F. App'x 971 (11th Cir. 2018); (Pet. at 12-13); see also § 924(e). The 11th Circuit Court of Appeals affirmed the judgment on direct appeal. United States v. Oliver, 316 F. App'x 877, 878 (11th Cir. 2008).

Since then, Petitioner has filed numerous motions to vacate his sentence under 28 U.S.C. § 2255. In his first such motion, filed in December 2010, he argued that battery on a police officer did "not categorically qualify" as a violent felony under § 924(e) and that his prior convictions for that crime were not predicate offenses under the ACCA. See Mot. at 4-5, Oliver, No. 1:07-cr-20617-PCH, ECF No. 71. The motion was denied in July 2011. Order, id., ECF No. 72. He filed additional § 2255 motions in 2013 and 2014, see Mots., id., ECF Nos. 73, 75; both were denied for lack of jurisdiction, Orders, id., ECF Nos. 74, 76.

In 2015, the Supreme Court held that a portion of § 924(e)(2)(B)'s definition of "violent felony" was unconstitutionally vague. Johnson v. United States, 135 S. Ct. 2551, 2557 (2015). It subsequently held that Johnson applied retroactively to cases on collateral review. Welch v. United

---

[1] The Court uses the pagination generated by the Case Management/Electronic Case Filing system.

2

States, 136 S. Ct. 1257, 1268 (2016). Shortly thereafter, the 11th Circuit granted Petitioner leave to file a successive § 2255 motion. See Order, In re Oliver, No. 16-13162 (11th Cir. June 29, 2016). In his 2016 motion, Petitioner contended that his prior convictions for battery on a police officer, attempted second-degree murder, and carrying a concealed weapon no longer qualified as ACCA predicate offenses after Johnson. Mot. at 13-17, Oliver v. United States, No. 1:16-cv-22665-PCH (S.D. Fla. June 26, 2016), ECF No. 1. Thus, his "sentence was imposed in excess of the statutory maximum." Id. at 1. The district court held that even not considering some of the challenged convictions, Petitioner still had three qualifying predicate offenses under the ACCA and Johnson. See Oliver, 2017 WL 384245, at *5. On March 2, 2018, the 11th Circuit vacated that decision and remanded because the district court had failed to determine whether Petitioner "satisfied the requirements of section 2255(h), . . . a threshold jurisdictional issue that must be decided before delving into the merits of the successive motion." Oliver v. United States, 714 F. App'x 971, 972 (11th Cir. 2018). The remanded motion remains pending in the Southern District of Florida.

**DISCUSSION**

As an initial matter, Petitioner did not sign or verify his Petition. (See Pet. at 5.) A "district court may refuse to file, or may dismiss, an unsigned and unverified petition" or "may, if it sees fit, disregard" the defect. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). Although Petitioner signed the "Certificate of Service" (see Pet. at 18), he did not

attest to the facts in the Petition under penalty of perjury (see id. at 5). Thus, dismissal is appropriate. See, e.g., Gomez v. Macdonald, No. ED CV 13-01367-VBF-SH., 2014 WL 1330528, at *3 (C.D. Cal. Mar. 31, 2014) ("[I]n keeping with the customary practice of judges in this district, the Court will exercise its discretion to dismiss the petition without prejudice due to petitioner's failure to sign and verify the petition."), am. on denial of recons., 2014 WL 4059938 (C.D. Cal. Aug. 14, 2014).

The Court is at any rate without jurisdiction to consider the Petition. Generally, after a conviction and sentence are final, the only mechanism for a federal prisoner to seek relief from judgment is through § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). Prisoners may generally file only one § 2255 motion, and only within certain strict time limits. See § 2255(f), (h). Under the "savings clause" of § 2255(e), however, a prisoner may file a federal habeas petition when it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." § 2255(e); Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). To qualify under that clause, a petitioner must claim that he is actually innocent and not have had an "unobstructed procedural shot" at presenting the claim earlier. Harrison, 519 F.3d at 959. When a federal prisoner files a § 2241 petition, a district court must answer the "threshold jurisdictional question" of whether the petition was properly brought under § 2241 or "is, instead, a disguised § 2255 motion." Marrero v. Ives, 682 F.3d 1190, 1194 (9th Cir. 2012).

Petitioner's § 2241 Petition is a disguised § 2255 motion,

4

in which he challenges his 2007 judgment. But he does not even claim that he is actually innocent. Rather, he first contends that he would not have pleaded guilty had his lawyer advised him he would be subject to enhanced sentencing under the ACCA. (See Pet. at 5 (contending that remedy by way of § 2255 motion is inadequate or ineffective "because of the ineffective assistance of counsel during the plea phase of the case" (capitalization altered)), 11 (claiming that he "would have preferred a jury trial" had he known extent of his "sentenc[e] exposure").) Second, he argues that his prior convictions for battery on a law-enforcement officer and for resisting arrest with violence do not qualify as predicate offenses under Johnson. (See id. at 13 (arguing that he "was never tru[]ly a qualifier" for ACCA "and must be resentenced to reflect this fact").)

Actual innocence for purposes of § 2255's escape hatch means "factual innocence," "not mere legal insufficiency." Marrero, 682 F.3d at 1192-93 (9th Cir. 2012) (citing Bousley v. United States, 523 U.S. 614, 623 (1998)). Petitioner does not claim — let alone make a factual showing — that he is actually innocent of possessing a firearm as a felon. Moreover, to the extent he argues that he is actually innocent of being a career offender under the ACCA, his claim is foreclosed by Ninth Circuit precedent. See Marerro, 682 F.3d at 1195 (rejecting petitioner's claim that he was improperly subject to enhanced sentence as "purely legal argument . . . not cognizable as a claim of actual innocence under the escape hatch"); Dorise v. Matevousian, 692 F. App'x 864, 865-66 (9th Cir. 2017) (applying Marrero to reject petitioner's Johnson-based argument that his sentence was

5

improperly enhanced), cert. denied, 138 S. Ct. 1023 (2018).

Even if his contentions could constitute "actual innocence," however, Petitioner would still not deserve relief because he cannot show that he has not already had an unobstructed procedural shot at raising his claims. The legal bases for his § 2241 Petition arose before and are identical to those of the authorized successive § 2255 motion currently pending in the Southern District of Florida. Thus, he has had — and continues to have — an opportunity to litigate the issues raised in the Petition.[2] Moreover, that court's 19-month-and-counting delay in ruling on the § 2255 motion does not render it inadequate or ineffective: "[D]elay in the resolution of a section 2255 motion does not entitle a defendant to bypass [§] 2255 in favor of [§] 2241." United States v. Pirro, 104 F.3d 297, 300 (9th Cir. 1997); see also, e.g., Rivas-Lopez v. Rivera, 107 F. Supp. 3d 977, 979 (E.D. Ark. 2015) (sentencing court's 32-month delay in ruling on § 2255 motion did not render it inadequate).

Petitioner has not shown that § 2255 is inadequate or

---

[2] Petitioner claims he had a request for a certificate of appealability pending as of January 2019 "but has received no official response" and thus has "move[d] on to this next level in the mind set that [it] has been denied." (Pet. at 10.) But he is incorrect; the district court has ruled on each of his requests for a certificate of appealability, denying two filed in connection with his 2010 motion, see Orders, Oliver v. United States, No. 1:10-cv-24446-PCH (S.D. Fla. Aug. 4, 2011 & Feb. 14, 2013), ECF Nos. 17 & 30, and another in connection with his most recent motion, see Order, Oliver, No. 1:16-cv-22665-PCH, ECF No. 18. Nor does Petitioner have any requests for certificates of appealability pending before the 11th Circuit, which denied such applications in 2012 and 2013. See Order, Oliver v. United States, No. 11-14044 (11th Cir. Jan. 24, 2012); Order, Oliver v. United States, No. 13-10466 (11th Cir. June 3, 2013).

6

ineffective as a means of providing him relief. His § 2241 "petition" is a disguised § 2255 motion, which was not only filed in the wrong court but is impermissibly successive as well. See § 2255(e), (h); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam). His Petition must therefore be summarily dismissed under Local Rule 72-3.2 for lack of jurisdiction.[3]

ACCORDINGLY, IT IS ORDERED that Petitioner's Petition for a Writ of Habeas Corpus is denied and this action be dismissed.

DATED: October 21, 2019

ANDRÉ BIROTTE JR.
U.S. DISTRICT JUDGE

Presented by:

Jean Rosenbluth
U.S. Magistrate Judge

---

[3] Local Rule 72-3.2 provides that "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge."